UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MECCA ALLAH SHAKUR, | : | |
| Plaintiff, | : | CASE NO. 3:10-CV-1381 (JCH) |
| | : | |
| v. | : | |
| | : | |
| DAVID FONTAINE, et al., | : | AUGUST 22, 2011 |
| Defendants. | : | |

**RULING ON PLAINTIFF'S MOTIONS TO SUBSTITUTE PARTY [Doc. No. 23] AND TO BAR PROCEEDINGS UNTIL DISCOVERY IS COMPLETED [Doc. No. 29] AND DEFENDANTS' MOTION TO WITHDRAW ADMISSIONS [Doc. No. 26]**

The plaintiff brings this civil rights action against defendants David Fontaine, Lieutenant Fisher, Warden Murphy and Counselor Lewis. The plaintiff now moves to substitute the estate of defendant Fisher as a defendant and to preclude the defendants from filing a motion to dismiss or for summary judgment until he completes discovery. The defendants move to withdraw their admissions that were deemed admitted when they did not respond to the requests for admission within the permissible time period. For the reasons that follow, the plaintiff's motion to substitute is granted and his motion to bar proceedings is denied. The defendants' motion to withdraw admissions is granted.

**I.      MOTION TO SUBSTITUTE PARTY [Doc. No. 23]**

On April 25, 2011, the defendants filed a notice of suggestion of death on the record indicating that defendant Fisher had died. In response, the plaintiff moves to substitute the executor or administrator of the estate as a defendant and asks the court

to order counsel to provide him the home address and telephone number of defendant Fisher's family.

The Supreme Court has held that, pursuant to 42 U.S.C. § 1988, the survivorship of section 1983 claims is generally a question of state law, unless state law is inconsistent with the federal policy underlying section 1983 claims. Robertson v. Wegmann, 436 U.S. 584, 590 (1978). Under Connecticut law, the cause of action survives against the executor or administrator of defendant Fisher's estate. Conn. Gen. Stat. § 52-599(b). The plaintiff has filed a motion to substitute defendant Fisher's executor or administrator and seeks the court's assistance in ascertaining that person's identity.

The defendants do not object to the continuation of this action. The defendants argue that substitution is not necessary because the Office of the Attorney General has appeared on behalf of defendant Fisher and any monetary judgment against him would be paid by the state in accordance with the state indemnification statute, Conn. Gen. Stat. § 5-141d. Counsel does not intend to seek dismissal of the claims against defendant Fisher based on the absence of a substitute defendant. Thus, the defendants argue that there is no need to substitute the executor or administrator of defendant Fisher's estate as a defendant to ensure payment of any judgment or to release to the plaintiff personal information regarding defendant Fisher's family.

The defendants do not cite any caselaw excusing substitution. Because Connecticut law provides that the case will survive against the executor or administrator of defendant Fisher's estate, the plaintiff's motion to substitute that person as a defendant is granted. Because the plaintiff is an inmate, the court will not order the

release of defendant Fisher's home address and telephone number to the plaintiff. Rather, counsel is directed to file the name of the executor or administrator of defendant Fisher's estate and to file, under seal, an address at which the court may effect service on the executor or administrator. The address will not be released to the plaintiff. If, as is suggested in the opposition papers, counsel intends to continue defending the claims against defendant Fisher, she need not file an address but shall file her appearance on behalf of the executor or administrator within thirty days from the date of this order.

## II. MOTION TO BAR PROCEEDINGS [Doc. No. 29]

The plaintiff asks the court to preclude the defendants from filing a dispositive motion until after the plaintiff completes discovery. The Federal Rules of Civil Procedure contain procedures the plaintiff can follow should the defendants file a motion for summary judgment before the plaintiff has completed discovery. See Fed. R. Civ. P. 56(d) (describing procedure where facts are unavailable to non-moving party). No further prohibitions are needed. The plaintiff's motion is denied.

## III. MOTION TO WITHDRAW ADMISSIONS [Doc. No. 26]

The defendants move to withdraw responses to requests for admission that were deemed admitted under Rule 36, Fed. R. Civ. P. They state that they served their responses at the time they filed this motion.

Under Rule 36, once matters are admitted by operation of the rule because a party fails to respond to a request for admissions within thirty days, the only recourse available is a motion to withdraw the admission under Rule 36(b). Such a motion may

be granted if that "would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." Fed. R. Civ. P. 36(b). This provision for withdrawal of an admission reflects the importance placed on resolving an action on its merits.

In opposition to the motion, the plaintiff challenges the newly-served responses to the requests for admission. Withdrawal of an admission requires the party who had obtained it to prove the matter. This requirement does not, without more, constitute prejudice, within the meaning of Rule 36(b). See Security Ins. Co. of Hartford v. Trustmark Ins. Co., 217 F.R.D. 296, 298 (D. Conn. 2002) (citations omitted). The plaintiff has made no showing that his presentation of the merits of the case would be prejudiced by permitting the defendants to withdraw their admissions[1] and no such prejudice is apparent from the record before the court.

## IV. CONCLUSION

The plaintiff's Motion to Substitute Party [**Doc. No. 23**] is **GRANTED**. Counsel is directed to file the name of the executor or administrator of defendant Fisher's estate and to file, under seal, an address at which the court may effect service on the executor or administrator. If counsel intends to represent the estate in this matter, she may file an appearance in lieu of the address. Counsel shall file her response to this Order within **thirty (30)** days.

---

[1] In his memorandum, the plaintiff recites other discovery problems unrelated to the requests for admission and mistakenly states that the court granted his motion to compel. In fact, the court denied the motion to compel as moot when it entered default against the defendants. See Doc. No.10. Any argument that the defendants have not complied with his motion to compel is without merit.

4

The plaintiff's Motion to Bar Proceedings until Discovery is Completed [**Doc. No. 29**] is **DENIED**. The defendants' Motion to Withdraw Admissions [**Doc. No. 26**] is **GRANTED**.

**SO ORDERED** this 22nd day of August 2011, at Bridgeport, Connecticut.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge