UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

'11 SEP 27 A 9:36

S. DISTRICT COURT
BRIDGEPORT, CONN

| | |
|---|---|
| MECCA ALLAH SHAKUR,<br>　　　Plaintiff, | |
| v. | Case No. 3:10-cv-1381 (JCH) |
| DAVID FONTAINE, et al.,<br>　　　Defendants. | |

## RULING ON PENDING MOTIONS

The plaintiff brings this civil rights action against defendants David Fontaine, Lieutenant Fisher, Warden Murphy and Counselor Lewis. Pending are the plaintiff's motions for sanctions and to compel production of documents, for reconsideration of a prior ruling, for pretrial status conference and for leave to serve additional interrogatories.

**I.　Motion for Sanctions and to Compel Production [Doc. #32]**

The plaintiff asks the court to order the defendants to provide all requested discovery and sanction them for failure to respond fully to the discovery requests.

Rule 37, D. Conn. L. Civ. R., requires that, before filing a motion to compel, the moving party must confer with opposing counsel in a good faith effort to resolve the dispute. The purpose of this rule is to encourage the parties to resolve discovery disputes without court intervention. See Hanton v. Price, No. 3:04cv473(CFD), 2006 WL 581204, at *1 (D. Conn. Mar.

8, 2006). If discussions are not successful, the party moving to compel must submit an affidavit certifying the attempted resolution and specifying which issues were resolved and which remain. In his affidavit, the plaintiff states that the court previously granted a motion to compel in this case. As the court noted in a prior decision, the court denied the previous motion to compel as moot. The court did not grant the motion to compel. In addition, the plaintiff does not describe in his affidavit any attempts to resolve this dispute with defendants' counsel.

In addition, Rule 37(b)1 requires that any discovery motion be accompanied by a memorandum of law "contain[ing] a concise statement of the nature of the case and a specific verbatim listing of each of the items of discovery sought or opposed, and immediately following each specification shall set forth the reason why the item should be allowed or disallowed." Copies of the discovery requests must be included as exhibits. While the plaintiff has attempted to demonstrate why items of discovery should be allowed, he has not attached copies of any of his discovery requests. Without knowing what was requested, the court cannot evaluate the motion to compel. In addition, much of the plaintiff's argument focuses on responses to requests for admission which have been withdrawn and are no longer of issue in this case.

The motion to compel is denied without prejudice for failure

to comply with court rules. In light of this determination, the request for sanctions is denied as well.

## II. Motion for Reconsideration [Doc. #34]

The plaintiff seeks reconsideration of the portion of the court's prior ruling, Doc. #33, granting the defendants' motion to withdraw admissions.

The plaintiff files his motion pursuant to Rule 60(b)(1), Fed. R. Civ. P. Rule 60 concerns motions for relief from a judgment. As no judgment has entered in this case, any motion pursuant to Rule 60(b) is denied as premature.

Even if the motion were based on appropriate law, it should be denied. Reconsideration will be granted only if the moving party can identify controlling decisions or data that the court overlooked and that would reasonably be expected to alter the court's decision. See Schrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). A motion for reconsideration may not be used to relitigate an issue the court already has decided. See SPGGC, Inc. v. Blumenthal, 408 F. Supp. 2d 87, 91 (D. Conn. 2006), aff'd in part and vacated in part on other grounds, 505 F.3d 183 (2d Cir. 2007). The plaintiff has not identified any law or facts that the court overlooked in the prior ruling. Rather, he is trying to reargue his claims.

The plaintiff contends that he will be prejudiced if the defendants are permitted to withdraw their admissions because he

now will have to prove the matters referenced in the requests for admission. The court addressed this claim in the prior ruling. As the court explained, requiring a party to prove the matter previously admitted, without more, does not demonstrate prejudice within the meaning of Rule 36(b), Fed. R. Civ. P. See <u>Security Ins. Co. of Hartford v. Trustmark Ins. Co.</u>, 217 F.R.D. 296, 298 (D. Conn. 2002) (citations omitted). The court concluded that the plaintiff failed to show that his presentation of the merits of the case would be prejudiced by permitting the defendants to withdraw their admissions and found no prejudice apparent from the record before the court. In his motion for reconsideration, the plaintiff has not provided any new information. Accordingly, the motion for reconsideration is denied.

**III. Motion for Pretrial Status Conference [Doc. #35]**

The plaintiff asks the court to schedule a status conference to facilitate the completion of discovery in this case. The scheduling order in this case required that discovery be completed by April 22, 2011. That has not happened.

The Clerk is directed to schedule a telephonic status conference in this case to assess what discovery remains outstanding and to set an appropriate schedule for completion of discovery and filing dispositive motions.

**IV. Motion to Serve Additional Interrogatories [Doc. #36]**

The plaintiff seeks permission to serve an additional twenty-five interrogatories on defendant Fontaine to ascertain

4

information regarding the admission responses that were withdrawn. The plaintiff has not provided a copy of his proposed additional interrogatories or a copy of the interrogatories previously served on defendant Fontaine. Without this information, the court cannot evaluate the request.

The plaintiff's motion to serve additional interrogatories on defendant Fontaine is denied without prejudice to refiling accompanied by supporting documents.

V. **CONCLUSION**

The plaintiff's motions for sanctions and to compel discovery [**Doc. #32**] and for leave to serve additional interrogatories [**Doc. #36**] are **DENIED** without prejudice. The motion for reconsideration [**Doc. #34**] is **DENIED**.

The plaintiff's motion for status conference [**Doc. #35**] is **GRANTED**. The Clerk is directed to schedule a telephonic status conference before the undersigned.

**SO ORDERED** this 26 day of September 2011, at Bridgeport, Connecticut.

/s/ Holly B. Fitzsimmons, USMJ
_____
HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE

5